NOT FOR PUBLICATION                                    (Docket No. 12)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____  :
                                 :
TRACY GARDENSHIRE,               :
                                 :
         Plaintiff,              :   Civil No. 06-1188 (RBK)
                                 :
    v.                           :   **OPINION**
                                 :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
         Defendant.              :
_____  :

**KUGLER,** United States District Judge:

    This matter comes before the Court upon motion by counsel for Plaintiff Tracy E. Gardenshire ("Gardenshire") for costs and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Commissioner of Social Security ("Commissioner") does not dispute the amount Gardenshire requests, but rather the Commissioner argues that the counsel fees should be payable directly to Gardenshire as the "prevailing party," and not directly to her attorney.  For the reasons set forth below, the Court agrees with the Commissioner and awards $4,810.75 payable to Gardenshire.

I.    BACKGROUND

    Gardenshire applied for disability benefits, which the Social Security Administration denied.  Gardenshire exhausted her

administrative remedies, and appealed the final decision of the Commissioner to this Court pursuant to 42 U.S.C. § 405(g).  This Court found that there was not substantial evidence in the administrative record to support the decision to deny benefits, and remanded the case to the Administrative Law Judge for further proceedings.  On April 12, 2007, Gardenshire's counsel file this motion pursuant to the EAJA, seeking $4,810.75 in costs and fees.

## II.   STANDARD OF REVIEW

The EAJA states that an award of costs and attorney's fees "may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  28 U.S.C. § 2412(a)-(b).  A party who obtains a remand to the Commissioner qualifies as a "prevailing party" for purposes of § 2412.  Shalala v. Schaefer, 509 U.S. 292, 201-02 (1993); Luna v. Apfel, 986 F. Supp. 275, 276 n.3 (D.N.J. 1997).

In this case, Gardenshire bears the burden of showing that the amount requested is reasonable.  See Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.  To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'") (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Once Gardenshire meets this burden, the Commissioner

bears the burden of challenging "the reasonableness of the requested fee." Rode, 892 F.2d at 1183.

When reviewing the reasonableness of a fee request, "[t]he district court cannot 'decrease a fee award based on factors not raised at all by the adverse party.'" Id. (quoting Bell v. United Hudson Prop., Inc., 884 F.2d 713 (3d Cir. 1989)). However, "once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Rode, 892 F.2d at 1183.

### III. Discussion

In this case, the Commissioner neither disputes Gardenshire's entitlement to costs and fees under the EAJA, nor the amount of costs and fees requested. Rather, the Commissioner contests to whom the Court should award the costs and fees. Gardenshire's attorney requests that the Court award the costs and fees directly to him. The Commissioner argues that the plain language of the statute requires that the Court award the costs and fees directly to Gardenshire.

> The EAJA provides, in pertinent part,
>
> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

24 U.S.C. § 2412(d)(1).

Given the frequency with which courts grant similar motions for attorney's fees and costs under the EAJA, it is remarkable how little case law exists on the issue of to whom a court should award the fees and costs. However, at least one circuit court of appeals addressed this issue.

The Federal Circuit Court of Appeals held that under 28 U.S.C. § 2412(d)(1)(A), a fee award is payable to the prevailing party and not that party's counsel. Phillips v. Gen. Serv. Admin., 924 F.2d 1577 (Fed. Cir. 1991). The court stated

> As the statute requires, any fee award is made to the "prevailing party," not the attorney. Thus, [the plaintiff's] attorney could not directly claim or be entitled to the award. It had to be requested on behalf of the party. With this predicate, we construe the fee arrangement between [the plaintiff] and her attorney to mean that if an award of attorney fees is obtained on her behalf she is obligated to turn it over to her attorney. In this sense, [the plaintiff] incurs the attorney fees that may be awarded her. On the other hand, if no fee award is made to her, she does not have any obligation to pay any further fees to her attorney from her own resources. Inherent in the agreement is an intention on the part of [the plaintiff] to be obligated to her counsel for fees properly obtainable under the statute.

Id. at 1582 (internal citations omitted).

Similarly, in FDL Technologies, Inc. v. United States, 967 F.2d 1578 (Fed. Cir. 1992), the Court of Appeals for the Federal Circuit held that a comparable fee shifting provision under the EAJA entitles the prevailing party, and not counsel, to attorney's fees. In arriving at this conclusion, the court noted

the plain language of the EAJA.  Specifically, the court noted that the statutory language states that the "fee award is made <u>to a prevailing party</u>, not the prevailing party's attorney." <u>Id.</u> at 1580 (emphasis in original). The court further stated "the statute applies to fees <u>incurred by that party</u>.  Thus, under the language of the statute, the prevailing party, and not its attorney, is entitled to receive the fee award." <u>Id.</u> (emphasis in original).

The court also discussed the EAJA's legislative history, noting that it "parrots the statute by stating that the United States is 'to pay attorney fees and other expenses <u>to a prevailing party</u> other than the United States in an agency adversarial adjudication.'" <u>Id.</u> (emphasis in original).

This Court finds this reasoning persuasive, and interprets the plain language of the EAJA as providing that the Court should award fees and costs to the prevailing party, and not to the prevailing party's attorney.  Therefore, the Court grants Gardenshire's motion for attorney's fees and costs under the EAJA, and orders that the fee award be payable directly to Gardenshire, who is then obligated to pay her attorney for his services.

**IV.  Conclusion**

For the foregoing reasons, this Court grants Gardenshire's motion for attorney's fees and costs in the amount of $4,810.75

5

pursuant to the EAJA.  The Court orders that these fees and costs go to Gardenshire directly.


Dated: 6/25/2007               s/Robert B. Kugler
                               ROBERT B. KUGLER
                               United States District Judge